SCHARFENSTEIN MOTORS CO. Appellant

v.

BETZ

(May 9, 1927. Opinion and Decree.)
(May 23, 1927. Rehearing Refused.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 217, 218, 219.**
When an automobile is sold for a price payable partly in notes and the balance in a used car, there is no warranty that the used car is in a perfect state of repair unless it is so stipulated.

Appeal from First City Court. Hon. W. V. Seeber, Judge.

Action by Scharfenstein Motors Company, Inc., against Charles Betz.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Prowell & McBride & Ray, of New Orleans, attorneys for plaintiff, appellant.

A. H. Retter, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for specific performance.

Plaintiff alleged that on May 6, 1926, it made a written contract with defendant whereby he, the plaintiff, sold to defendant a used Reo automobile truck for the price of $750 which was to be paid as follows: The defendant Betz was to furnish his fifteen notes of $30 each and

to give plaintiff a certain Reo automobile valued at $300; that defendant furnished his fifteen notes but failed to deliver to plaintiff the automobile. Wherefore plaintiff claims $300.

The defendant excepted that the petition was not properly verified, that it was vague and indefinite, that it disclosed no right or cause of action, and that the demand was premature.

These exceptions were overruled.

For answer the defendant admitted the sale and the price, but denied that he had failed to deliver the automobile as part of the price of sale, and asserted on the contrary that "he was ready and willing, at all times to make delivery to plaintiff of said automobile."

Further answering defendant averred that during the negotiations plaintiff was informed that the automobile defendant was to give as part of the price was then undergoing repairs in Langhauser's garage; that plaintiff inspected the automobile and agreed to take it in the condition it was, but that after the agreement of sale Langhauser refused to deliver the car until his bill of $60 for repairs had been paid; that defendant then informed plaintiff that he would pay Langhauser and notified him that the auto would be delivered to him if he would send for it, which the plaintiff failed to do; that since the filing of this suit defendant tendered the auto to plaintiff by bringing it to its domicile which plaintiff refused to accept, whereupon defendant deposited said auto in his garage, No. 8416 Oak Street subject to his orders of which he was duly notified.

There was judgment for defendant and the plaintiff has appealed.

The contract of sale was in writing and is in evidence. It is admitted by both parties. The point upon which they differ is the payment of cost of repairs already made by Langhauser on the date of the sale, May 6th. Nothing was said about repairs at the time of the sale, and both parties appear to have been ignorant of them. It was only after eight or ten days that the claim was put forward by Langhauser who refused to deliver the car unless his repairs were paid. Betz testified that he had not ordered any repairs, that he had only requested of Langhauser an estimate of costs for repairs. As Betz considered the amount claimed by Langhauser, $70, as excessive, he asked Scharfenstein to examine the car and to report upon the charge made by Langhauser. Betz swears to this. Conditions remained the same until September 15, 1926, when plaintiff's attorney made a demand upon the defendant for $300 for failure to deliver the truck. In the meantime it does not appear that plaintiff made any demand for the truck or for the $300.

On October 1st, next, the defendant paid the repair bill and accompanied by two witnesses, proceeded to plaintiff's domicile and there tendered it the truck. Without assigning any reason the plaintiff refused to accept it. In his testimony, F. W. Scharfenstein says that on that date, five months after the sale, the truck was very much depreciated in value by time and non-usage and the motor block was removed; he added: "The rest of the truck we cannot say there was any difference except possibly in the bearings which would naturally depreciate."

Betz testified that the truck was taken in part payment in the condition it was on May 6th and that on that date the

the engine was taken down and that it was in the same condition on October 1st; it was not in running condition on May 6th nor on October 1st. There is nothing stated in the agreement of sale about repairs. The only statements are these: "Allowance on used car, $300. If my car is taken as part payment I warrantee same to be free from mortgage liens or other incumbrances." We fail to see that defendant had obligated himself to repair the truck or to put it in running order.

The defendant performed his obligation in tendering the truck in the condition it was on May 6th and the plaintiff was at fault in not accepting it.

The Judge below was right in rejecting plaintiff's demand for $300 and his judgment is therefore affirmed.